IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

CRYSTAL BUTLER                                                                PLAINTIFF

v.                              Civil No.1:14-cv-01011-SOH-BAB

JAILER KEVIN PENDLETON, *et. al.*                                           DEFENDANTS


**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

This is a civil rights action filed by the Plaintiff Crystal Butler pursuant to 42 U.S.C. §
1983.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O.
Hickey, United States District Judge, referred this case to the undersigned for the purpose of
making a report and recommendation.

Currently before the Court is Plaintiff's failure to comply with several Court Orders. After
careful consideration, the Court makes the following Report and Recommendation.

1.      **BACKGROUND**

Plaintiff filed her Complaint on February 13, 2014.  ECF No. 1.  On April 10, 2015 she was
ordered to provide Defendants with responses to written discovery by April 24, 2015.  ECF No. 19.
This Order was returned as undeliverable on April 28, 2015.  An Order changing Plaintiff's address
and re-sending documents was filed on May 5, 2015.  Plaintiff was advised in both this and an
earlier Order that failure to keep the Court informed of her current address would result in summary
dismissal of the case.  ECF Nos. 13, 22.  This Order and the re-sent documents were not returned
as undeliverable.  On September 1, 2015 the Court entered an Order to Show Cause for failure to
obey a Court Order. Plaintiff was given until September 18, 2015 to respond. The Order was not

1

returned as undeliverable.  Plaintiff has not responded.

Plaintiff has not communicated with the Court since August 5, 2014. ECF No. 10.

## 2.        APPLICABLE LAW

While *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law.  *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984).  Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.  Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure also specifically contemplate dismissal of a case with prejudice on the grounds the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (the district court possess the power to dismiss *sua sponte* under Rule 41(b)).  Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order," and such a dismissal may be with prejudice if there has been "'a clear record of delay or contumacious conduct by the plaintiff.'"  *Brown v. Frey,* 806 F.2d 801, 803–04 (8th Cir. 1986) (quoting *Haley v. Kansas City Star,* 761 F.2d 489, 491 (8th Cir. 1985)) (emphasis added).  Dismissal with prejudice is an extreme sanction, and only to be used in cases of "willful disobedience of a court order" or "where a litigant exhibits a pattern of intentional dely." *Hunt v. City of Minneapolis,* 203 F.3d 524, 527 (8th Cir. 2000).  The Court does not, however, need to

2

find that Plaintiff acted in bad faith, but "only that he acted intentionally as opposed to accidentally or involuntarily." *Id.* (quoting *Rodgers v. Univ. of Missouri,* 135 F.3d 1216, 1219 (8th Cir. 1998)).

**3.   DISCUSSION**

Plaintiff has failed to keep the Court apprised of her current address as required by Local Rule 5.5(c)(2).  Plaintiff has failed to comply with Court Orders which advised her that it was her responsibility to immediately inform the Court of any address changes and failure to do so could result in dismissal of this case.  ECF Nos. 13, 22.  Plaintiff has failed to comply with the Court's Order to provide responses to written discovery. This Order advised her the case would be dismissed if she did not comply.  ECF No. 19.  Plaintiff has failed to respond to an Order to Show Cause, which advised her the case would be dismissed if she did not respond.  ECF No. 24.

Plaintiff has not communicated with the Court since August 5, 2014.  ECF No. 10.

Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2) the Court recommends Plaintiff's Complaint be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this case.  *See* Local Rule 5.5(c)(2); Fed. R. Civ. P. 41(b).

**4.   CONCLUSION**

For the foregoing reasons, I recommend Plaintiff's Complaint (ECF No. 1) be **DISMISSED** without prejudice on the grounds that Plaintiff has failed to comply with the Federal Rules of Civil Procedure and Local Rules and has failed to prosecute this matter.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are**

reminded that objections must be both timely and specific to trigger de novo review by the district court.

      IT IS SO ORDERED this 22nd day of September 2015.

              /s/ Barry A. Bryant
              HON. BARRY A. BRYANT
              UNITED STATES MAGISTRATE JUDGE